■ GUDRUN A. BIRNBAUM, Appellant, v. NORMAN BIRNBAUM, Respondent.— Judgment entered November 26, 1969, dismissing the complaint unanimously modified on the facts and law and in the exercise of discretion, to

the extent of awarding alimony, custody and counsel fees to appellant, and, as so modified, affirmed, without costs and without disbursements. The court dismissed plaintiff's complaint for failure of proof and specifically refrained from passing on the questions of alimony, support and custody. The failure to pass on these issues constituted error. Section 236 of the Domestic Relations Law expressly states: "Alimony, temporary and permanent. In any action or proceeding brought * * * (3) for a divorce, the court may direct the husband to provide suitably for the support of the wife as, in the court's discretion, justice requires, having regard to the length of time of the marriage ". Section 240 of the Domestic Relations Law provides: " Custody and maintenance of children. In any action or proceeding brought * * * (3) for a divorce * * * the court must give such direction, between the parties, for the custody, care, education and maintenance of any child of the parties ". Brownstein v. Brownstein (25 A D 2d 205) speaks of the newly conferred powers upon the Supreme Court to require a husband to provide for the support of a wife who loses a matrimonial action as in this case. We held (p. 207) : " Where a matrimonial action between validly married spouses is dismissed without affirmative relief to either party, they generally remain subject to their respective marital obligations. Each may be bound to co-operate toward a reconciliation and a resumption of the marital relationship. * * * In any event, notwithstanding the separation of the parties and as long as the marriage relationship stands, unabridged by court decree or valid agreement between the parties, the husband continues under the obilgation to support his wife. Her right affirmatively to seek support from him is precluded generally as a matter of law only when her conduct has been or is such as to entitle him to a decree of separation or to a divorce." Here, the defendant abandoned plaintiff. The proof fell short, however, of the cause of action grounded on cruel and inhuman treatment. In the circumstances, the trial court should have considered the matter of support for the wife and children, as well as custody and counsel fees. The parties were married on August 22, 1955 in Marburg, West Germany. Plaintiff, a native of Germany, at the time of the trial was 50 years of age. Defendant, a native of the United States, at the time of the trial was 44 years of age. The parties have two minor children, both girls, one born August 22, 1958, and another born November 30, 1960. Since the parties' separation on January 6, 1968 when the defendant left the marital home and said he had no intention of returning, plaintiff has had the sole custody of the children, except for frequent visitations with defendant. Plaintiff, a doctor of philosophy, is gainfully employed and has a current annual salary of approximately $10,400. The defendant is a professor at a well-recognized college at an annual salary of $21,000. Both children have been attending private schools, the expense of which, $200 monthly, has been borne by the defendant in addition to $350 monthly he has paid for the support of the children. The defendant does not object to plaintiff's custody of the children on condition that his visitation rights be continued. We hold the best interests of the children would be promoted by continuing custody with the mother; that a total monthly award of $600 would be suitable by way of permanent alimony, $500 being allocated for the support and maintenance of the children, $100 for the support of the wife, and award a counsel fee in the sum of $650 to include services on the trial and on this appeal. Settle findings of fact, conclusions of law and amended judgment in conformity herewith on notice. Concur — Stevens, P. J., McGivern, McNally and Tilzer, JJ.